**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **AMERICAN PETROLEUM INSTITUTE** | ) | |
| **v.** | ) | **Civil Action No. 1:09-cv-00529-RJL** |
| **TECHNOMEDIA INTERNATIONAL, INC.** | ) | |

# TECHNOMEDIA'S OPPOSITION TO API'S MOTION TO STAY CONSIDERATION OF TECHNOMEDIA'S APPLICATION FOR PRELIMINARY INJUNCTION PENDING RESOLUTION OF API'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## PRELIMINARY STATEMENT

Without first conferring or attempting to confer with the undersigned, API has moved to stay consideration (docket no. 25) – not of this litigation, but only TechnoMedia's application for preliminary injunction. API incorrectly posits that resolution of its motion for partial summary judgment would render moot TechnoMedia's request for injunctive relief.[1]

API's motion that the court refuse to consider TechnoMedia's application hardly would serve the interests of judicial economy, much less a just disposition of a request for equitable relief. Rather, API's motion only serves to delay matters – even if it is not granted. Moreover, even if API received all the relief it requests in its motions to dismiss and for *partial summary* judgment, the case would not be disposed of. This is also true as to TechnoMedia's application

[1] API's motion also provides argument in support of motion for partial summary judgment, an inappropriate use of its motion to stay consideration. *See e.g. Forest Guardians v. Thomas*, 967 F. Supp. 1536, 1546 (D. Ariz. 1997).

for preliminary injunction, which is based partially on the Confidentiality Agreement. Therefore, even if API got everything it has requested, this litigation will not be terminated.

BACKGROUND

TechnoMedia's counterclaim includes claims based on two separate and distinct agreements between API and TechnoMedia. API's declaratory judgment action does not. Its jurisdictionally defective claim as well as its motion for partial summary judgment are addressed to only one of the parties' agreements; *i.e.*, the March 17, 2005 "Agreement to Develop and Market API-Branded Products and Services in Electronic Media Formats." (the "Contract").

TechnoMedia's application for an injunction against API is based on a different agreement, namely the parties' August 25, 2004 Confidentiality Agreement. After objecting to providing initial disclosures or participating in discovery in any manner, and before this Court has even had the opportunity to hold the initial scheduling conference to resolve the issues regarding discovery, API moved for partial summary judgment (June 25, 2009, docket no. 22). TechnoMedia's response to API's partial summary judgment motion is not yet due. In fact, the motion is defective and incapable of a meaningful response because numerous paragraphs of API's statement of undisputed material fact section contain substantial blank spaces.

By TechnoMedia's June 26, 2009 application for preliminary injunction, it seeks to protect its valuable and confidential trade secrets, the status quo, and to prevent irreparable harm to TechnoMedia. Injunctive relief is contemplated by principles of equity and the Confidentiality Agreement, and it finds support in the March 17, 2005 Contract. Yet API seeks to prevent TechnoMedia's request from even being considered. It does not ask for a stay of all

proceedings, but only wants the court to refuse to consider anything filed by TechnoMedia. API's request should be denied.

ARGUMENT

There is no disputing this court's broad discretion to stay proceedings as part of its inherent power to control the course of proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is unwarranted in the case, however, because staying only TechnoMedia's motion would provide a benefit only to API, not to the Court, nor to TechnoMedia. Indeed, a stay would prejudice TechnoMedia and its right to due process. As noted above, even an order of partial summary judgment would leave intact TechnoMedia's counterclaim, and therefore could in no way be said to render its application for preliminary injunction moot. An examination of API's complaint, as well as its motions of last week, shows that they do not even address the parties' Confidentiality Agreement of August 25, 2004.

API has articulated no reason – compelling or otherwise – for a stay of consideration of the injunctive relief application. It should be noted that the undersigned was informed by API's newest counsel that immediately upon filing the motion for partial summary judgment, API's lead counsel of record went on vacation – through July 13, 2009. It would be disconcerting to envision a connection between lead-counsel's vacation and the motion to stay, particularly since no counsel for API made any effort to confer about a "stay."

It simply is unjust to unilaterally block all discovery, submit Rule 12(b) and Rule 56 motions and then seek to prevent even the consideration of the opponent's motion for equitable relief. More unjust still is to seek a Court's consideration of partially-dispositive motions while refusing to conform one's behavior and conduct to a clear and unequivocal obligation of

confidentiality, necessitating an application for temporary injunction. After all, if API simply would have returned all confidential information when requested to do so, TechnoMedia would not have needed to seek an injunction.

API has not been transparent in the litigation *it instituted* in that it has refused to agree to a discovery schedule. It also has refused to commence discovery. It also has refused even to provide initial disclosures. Clearly, API's latest motion is a dilatory one that seeks to strip TechnoMedia of the ability to defend itself and its valuable confidential information – on the basis of incomplete information and without the benefit of any discovery. TechnoMedia is unaware of any case support for the proposition that a party is entitled to deny its opponent of all discovery before moving for and obtaining a summary judgment.

In contrast to its recently filed motion to stay, API's lead-counsel wrote TechnoMedia's back on May 6, 2009, gratuitously ending his email with the words, "we will not stay the litigation." (No "stay" had been requested expressly or even by implication.). Then, on May 14, 2009, API's lead-counsel requested an extension of 7 days in which to respond to TechnoMedia's motion to dismiss (due to insufficiency in the amount in controversy), stating, "No other deadlines would be affected." (TechnoMedia immediately consented to the requested extension.).

API cites two cases for the proposition that consideration of TechnoMedia's application for preliminary injunction should be stayed. Neither is apposite.

In *Oil, Chem. & Atomic Workers Int'l Union v. Pena,* 62 F. Supp. 2d 1 (D.D.C. 1999), multiple complaints were filed related to alleged violations of statutes regarding cleanup at a federal property. *Pena*, 62 F. Supp. 2d at 3. Only after discovery had been completed, previous

motions had been ruled upon, and both parties filed cross-motions for summary judgment, did the court determine that the stay of a motion for preliminary injunction was warranted. *Id*. The *only* thing remaining to be done by the *Pena* court was to rule on the parties' *cross-motions* for summary judgment. *Id*. While such a finding may have been appropriate where both parties had the opportunity to conduct discovery, and both parties were in a position to file cross-motions for summary judgment, it would be wholly inappropriate to stay a hearing merely because one party has filed a motion for partial summary judgment and believes that it should be decided without providing the other party any meaningful opportunity to respond.

In *Forest Guardians v. Thomas*, 967 F. Supp. 1536, 1546 (D. Ariz. 1997), the plaintiff was the party that filed *both* the motion for a preliminary injunction and for a summary judgment. *Forest Guardians*, 967 F. Supp. at 1543 (emphasis added). The motion for preliminary injunction was merely a reiteration of the motion for summary judgment in that they both related to the plaintiff's complaint for declaratory and injunctive relief. *Id*. It was the defendant that filed a motion to stay the preliminary injunction motion and for an extension of time to respond to the summary judgment motion. The defendant opposing the summary judgment felt that resolution of that motion would be dispositive of the case and it did not desire to brief two motions. *Id*. This is not the case here. The issues in this matter *cannot* be resolved in a pre-discovery summary judgment motion. Moreover, any decision on the validity of API's termination of the Contract is not dispositive as to either the preliminary injunction or counterclaim as it relates to the Confidentiality Agreement.

The main focus of the preliminary injunction is that API's violation of both the Confidentiality Agreement and the Contract is causing TechnoMedia irreparable harm. Even if

this Court determines that API validly terminated the Contract, that will not dispose of TechnoMedia's counterclaims and request for injunctive relief as it relates to the Confidentiality Agreement. Those issues remain regardless of the disposition of the Contract. Therefore, a decision as to API's pre-discovery summary judgment need not be made prior to deciding the merits of the preliminary injunction.

## CONCLUSION

In sum, given the current posture of this case; *i.e.*, in its infancy, it is plainly not in the interests of justice to stay consideration of TechnoMedia's application for preliminary injunction. Further, even resolution of API's partial summary judgment motion does not render the preliminary injunction issue moot as it is not even addressed to the Confidentiality Agreement signed by API. Accordingly, API's motion for a stay of consideration of TechnoMedia's application for preliminary injunction should be denied.

Dated: July 1, 2009

Respectfully submitted:

**BREWER & PRITCHARD, P.C.**

_____/s/____________

J. Mark Brewer, Texas Bar 02965010 (*pro hac vice)*
Three Riverway, Suite 1800
Houston, Texas 77056
Phone: (713) 209-2950
Fax: (713) 659-5302
Email: Brewer@bplaw.com
**Attorney for Defendant,**
**TechnoMedia International, Inc.**

Of Counsel:

_____/s/____________
Anthony D. Martin
D.C. Bar No. 362537
ANOTHONY D. MARTIN, P.C.
Belle Point Office Park
7841 Belle Point Drive
Greenbelt, MD 20770
Phone: (301) 220-3700
Fax: (301) 220-0791

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was served on counsel of record electronically using the Courts ECF system.

Eric Bosset
Bradley K. Ervin
Dennis B. Auerbach
Covington & Burling, LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Harry M. Ng
General Counsel
Michael R. See
Senior Counsel
American Petroleum Institute
Office of the General Counsel
1220 L. Street, N.W.
Washington, D.C. 20005

_____/s/____________
J. Mark Brewer