**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **AMERICAN PETROLEUM INSTITUTE,** | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| **v.** | ) | **Civil Action No. 1:09-cv-00529-RJL** |
| **TECHNOMEDIA INTERNATIONAL, INC.,** | ) | |
| **Defendant/Counterclaim Plaintiff.** | ) | |

**AMERICAN PETROLEUM INSTITUTE'S CONSOLIDATED (1) OPPOSITION TO TECHNOMEDIA'S MOTION TO SHORTEN TIME TO PRODUCE DOCUMENTS AND COMPEL DISCOVERY; AND (2) CROSS MOTION FOR PROTECTIVE ORDER**

American Petroleum Institute ("API") has dispositive motions before the Court that could eliminate the need for discovery altogether or narrow substantially the issues on which discovery may be required. To avoid undue and unnecessary burden and in the interest of judicial economy, API opposes Technomedia's motion to shorten time and compel discovery (the "Motion to Compel"), and cross moves for a protective order staying most discovery until the pending dispositive motions are resolved. As shown below, courts in this Circuit and elsewhere have granted stays of discovery pending resolution of dispositive motions.

As if to highlight why a discovery stay is appropriate here, Technomedia served 56 hugely overbroad and burdensome document requests to API on July 20, seeking production within 10 calendar days of API documents going back more than five years (*see* Motion to Compel, Ex. A). Technomedia offers no explanation in its Motion to Compel for why this mass

of documents is needed in advance of the omnibus motions hearing that the Court has scheduled for August 14, nor does Technomedia indicate why it waited until July 20 to serve the 56 requests. Technomedia also offers no basis for its alleged need to take depositions before August 14 of former API employee Kathleen Combs and API administrative assistant Yvette Cordone. Technomedia's Motion to Compel should thus be denied and a protective order staying discovery should be entered.

## I. THE PENDING MOTIONS

API has two dispositive motions before the Court. In its pending motion for partial summary judgment (Docket No. 22), API shows that it properly terminated the so-called "API-Technomedia Agreement" that is at the heart of the parties' dispute in this case. The motion is based principally on the following undisputed facts: (a) the API-Technomedia Agreement requires that Technomedia have rights to course content of a company called Primedia Workplace Learning, LP ("Primedia"); (b) the Primedia course content constituted approximately 80 percent of the courses to be provided by Technomedia under the contract; (c) as a result of a court order dated December 15, 2008, Technomedia ceased to have rights to the Primedia course content; and (d) the API-Technomedia Agreement gave API the immediate right to terminate the contract upon a material breach. If the Court grants API's motion for partial summary judgment, API will be entitled to a declaration that it properly terminated the API-Technomedia Agreement, and Technomedia will not have a valid claim for breach of contract based on such termination (*see* Amended Counterclaim, Fourth Cause of Action).

Technomedia opposed API's motion for partial summary judgment on July 6, principally arguing that, under the language of the API-Technomedia Agreement, it did not have a continuing obligation to provide the Primedia courses (Docket No. 34). Technomedia did not

file an affidavit pursuant to Fed. R. Civ. P. 56(f), or otherwise indicate a need for specified discovery before it could respond to API's motion. Rather, it responded to API's dispositive motion on the merits.

API's other pending dispositive motion is a motion to dismiss the tort causes of action of Technomedia's Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 39).[1] In that motion, API demonstrates that the Amended Counterclaim — its second attempt to allege the same claims — still offers only vague and conclusory allegations that fail as a matter of law to plead tortious conduct.[2] Technomedia has not alleged facts sufficient to support the tort actions (defamation, misappropriation of trade secrets, fraud, intentional interference with economic advantage, and breach of fiduciary duty), and the facts it does include plainly fail to state cognizable torts.

Also pending before the Court are Technomedia's motion to dismiss API's Complaint on jurisdictional grounds (Docket No. 14), and Technomedia's Application for Preliminary Injunction (Docket No. 23). The Application for Preliminary Injunction is based on Technomedia's unsupported and unfounded assertion that API intends to disclose alleged Technomedia trade secrets to third parties.

API filed its opposition to the preliminary injunction application on July 9, supported by a declaration from API employee Whitney Schechter. Because Ms. Schechter presented a declaration in opposition to the Application, API has consented to Technomedia's

---

[1] API moved to dismiss the tort causes of action of Technomedia's original Counterclaim on June 24 (Docket No. 20). Recognizing that the original Counterclaim was deficient, Technomedia filed its Amended Counterclaim on July 6 in an effort to avoid dismissal. API then moved to dismiss the tort claims of the Amended Counterclaim on July 17, because they are likewise fatally flawed. Briefing on API's motion will be completed prior to the August 14 hearing.

[2] Through the motion, API also moves to strike from the Amended Counterclaim false, scandalous and irrelevant allegations of connections between API and the Islamic Republic of Iran.

request to take her deposition before the August 14 hearing concerning that declaration and her declaration filed in support of API's motion for partial summary judgment.

However, API has objected to Technomedia's effort to subject API to burdensome, potentially wasteful, and costly additional discovery and attendant motions practice (to addresses specific objections to Technomedia's patently unreasonable document demands), while both sides' dispositive motions are pending. *See, e.g.*, Meet and Confer Statement (Docket No. 21), at 7-8. This includes Technomedia's requested depositions of Ms. Cordone and Ms. Combs, and its July 20 request for production (within 10 calendar days) of 56 broad categories of documents going back more than five years.[3] As explained below, the Court should stay any further discovery at this time because those costs and burdens may be rendered unnecessary by the pending dispositive motions.

## II. ARGUMENT

Trial courts "have broad powers to regulate or prevent discovery and such powers have always been freely exercised." *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters Chauffers, Warehousemen & Helpers*, 494 F.2d 1092, 1100 (D.C. Cir. 1974); *accord Chavous v. D.C. Fin. Resp. & Assist. Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery.").

In managing discovery, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous*, 201 F.R.D. at 2. Indeed, "[a] stay of discovery pending the determination of a dispositive motion is an eminently reasonable and logical means to prevent wasting the time

[3] Technomedia's assertion that it is entitled to receive documents in response to its 56 requests (nearly all with numerous subparts, no less) on a shortened timeframe, because they were previously served in its jurisdictionally defective Texas action, is frivolous. *See* Motion to Compel at 1-2. By voluntarily dismissing its Texas lawsuit, which was improperly filed to begin with, Technomedia invalidated this discovery, to which API also objected in that action.

and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* (citation omitted). For this reason, courts in this Circuit have not hesitated to stay discovery until potentially dispositive motions are resolved. *See, e.g., White v. Fraternal Order of Police,* 909 F.2d 512, 517 (D.C. Cir. 1990) ("we conclude that the district court did not err by staying discovery prior to issuing the summary judgment rulings"); *Covad Communications Co. v. Revonet, Inc.*, 250 F.R.D. 14, 18 (D.D.C. 2008) (noting that the court "stayed discovery pending resolution of Revonet's Motion for Judgment on the Pleadings in order to save the litigants potentially unnecessary discovery expenses"); *Chavous*, 201 F.R.D. at 5 ("A stay of discovery in the circumstances present here furthers the ends of economy and efficiency, since if either the plaintiffs' dispositive motion or [defendant's] dispositive motion is granted, there will be no need for discovery"); *Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, at *2-3 (D.D.C. Oct. 3, 1990) (granting motion to stay discovery pending resolution of motion to dismiss for "avoidance of potentially unnecessary discovery"; noting that defendant "seeks a stay of discovery only for a limited period of time, i.e. until the pending motion to dismiss is decided").

While courts have most commonly stayed discovery when a motion could be thoroughly dispositive of the case, discovery stays have also been granted where a pending motion could substantially narrow the issues and, hence, the scope of permissible discovery. *See, e.g., Hill v. Chase Bank, N.A.*, No. 07-82, 2007 U.S. Dist. LEXIS 87369, at *13 (N.D. Ind. Nov. 26, 2007); *United States ex rel. Liotine v. CDW-Government, Inc.*, No. 05-33, 2009 U.S. Dist. LEXIS 21555, at *5-6 (S.D. Ill. Mar. 18, 2009); *Flaherty v. Filardi*, 388 F. Supp. 2d 274, 283 (S.D.N.Y. 2005); *see also Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *2 (E.D. Mich. June 19, 2006) (granting discovery stay pending resolution of motion to dismiss

and explaining that "[e]ven if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit").

A stay of discovery pending resolution of a dispositive motion is particularly appropriate in the aftermath of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), where the Court recognized the massive costs often incurred in discovery, and stated that a deficient claim should "'be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558, quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1216, at 233-34 (3d ed. 2004); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953-54 (2009); *see also McLafferty v. Deutsche Lufthansa A.G.*, No. 08-1706, 2008 WL 4612856, at *2 (E.D. Pa. Oct. 15, 2008) (relying on *Twombly* and stating that "delaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim may help to streamline the expensive discovery process, and, thereby, minimize the burden on counsel, parties and the Court").

Here, API's pending motions, if successful, will, at a minimum, substantially narrow the issues in the case. If the Court grants API's motion for partial summary judgment, then the core issue of whether API properly terminated the API-Technomedia Agreement will be resolved. A ruling in API's favor would mean that Technomedia has no valid claim for breach of contract resulting from API's termination (*see* Amended Counterclaim, Fourth Cause of Action). Further, if the Court grants API's motion to dismiss, <u>all</u> of Technomedia's tort causes of action asserted in the Amended Counterclaim — *i.e.*, its claims for defamation, misappropriation of trade secrets, fraud, intentional interference with economic advantage, and breach of fiduciary duty — will be eliminated. Accordingly, if the Court rules in API's favor, any need for discovery would be either substantially scaled back or removed entirely.

Technomedia's bald assertion that it requires discovery before a resolution of the pending dispositive motions and its application for injunction — an afterthought given that Technomedia has already filed its application for preliminary injunction and responded to API's motion for summary judgment — is unpersuasive. A party claiming that additional discovery is necessary to oppose a pending motion must demonstrate such alleged need with specificity. *See, e.g., Byrd v. United States EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999); *see also Chavous*, 201 F.R.D. at 5. Technomedia's conclusory assertion here that discovery will "shine light" on the issues (Motion to Compel at 2) is inadequate.

Technomedia cannot viably contend that it needs discovery concerning API's motion for partial summary judgment. That motion is based on the plain language of the API-Technomedia Agreement and irrefutable facts concerning Technomedia's admitted inability to supply approximately 80% of the courses for which API had contracted. As noted, Technomedia has <u>already</u> responded to the motion, and, as noted, it failed to file the requisite affidavit pursuant to Fed. R. Civ. P. 56(f) demonstrating any need for discovery before it could respond — because there is no such need. *See, e.g., Walker v. Rose*, 22 F. Supp. 2d 343, 350 (D.N.J. 1998) (Rule 56(f) certification untimely if not filed with summary judgment opposition papers). Indeed, even if the conclusory Motion to Compel could somehow be treated as a post hoc request for relief under Rule 56(f), it would utterly fail to satisfy the requirements of that Rule. *See, e.g., Byrd*, 174 F.3d at 248 n.8 (party proceeding under Rule 56(f) must "show what facts he intend[s] to discover that would create a triable issue and why he could not produce them in opposition to the [summary judgment] motion"); *see also id.* at 248 (not sufficient under Rule 56(f) for party seeking discovery to make "a plainly conclusory assertion without any supporting facts"); *accord Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) ("A party making a Rule 56(f)

request must state[] concretely why additional discovery is needed to oppose a motion for summary judgment") (citation omitted); *Graham v. Mukasey*, 608 F. Supp. 2d 50, 54 (D.D.C. 2009) ("A Rule 56(f) motion . . . is not designed to allow 'fishing expeditions,' and plaintiffs must specifically explain what their proposed discovery would likely reveal and why that revelation would advance the plaintiff's case").

Similarly, Technomedia cannot viably contend that it needs discovery to respond to API's pending motion to dismiss the amended counterclaim. Any such contention puts the cart before the horse. API's motion to dismiss turns on the (in)adequacy of Technomedia's amended pleading. Technomedia has no right to any discovery unless and until its states a plausible claim for relief — it is not allowed to search API for "evidence" to support its facially inadequate claims. *See, e.g.*, *Iqbal*, 129 S. Ct. at 1954 (where a party's complaint is deficient, the party "is not entitled to discovery, cabined or otherwise"); *Butera & Andrews v. IBM*, 456 F. Supp. 2d 104, 114 (D.D.C. 2006) ("Fundamental fairness command that counsel should not be allowed to file a complaint first and thereafter endeavor to develop a cause of action") (citation and internal quotation marks omitted); *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery") (citation omitted).

Finally, regarding Technomedia's Application for Preliminary Injunction, API has consented to a deposition of Ms. Schechter, the only individual who presented a declaration in opposition to the Application. Technomedia has made no showing of why the additional discovery it seeks is necessary to resolve the preliminary injunction issue. Moreover, a preliminary injunction is an "extraordinary and drastic remedy," and Technomedia was required to properly support its Application with evidence demonstrating, *inter alia*, substantial likelihood

of success on the merits and irreparable harm. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also* LCvR 65.1(c) (providing that preliminary injunction application "shall be supported by all affidavits on which plaintiff intends to rely"). Having failed to provide sufficient affidavits to meet its heavy burden, Technomedia should not now be permitted to engage in a fishing expedition in a post hoc effort to make the showings required by Rule 65.

## Conclusion

For the foregoing reasons:

(a) Technomedia's Motion to Compel should be denied;

(b) Technomedia's request to take the depositions of Ms. Combs and Ms. Cordone, and to shorten time for API to respond to the 56 overbroad document requests that Technomedia served on July 20 should be denied;

(c) API's Cross Motion for Protective Order should be granted; and

(d) other than the Schechter deposition, discovery in this case should be stayed until the dispositive motions pending before the Court are resolved.

Dated: July 23, 2009

Respectfully submitted,

*/s/ Eric C. Bosset*

Eric C. Bosset
D.C. Bar No. 414283
Dennis B. Auerbach
D.C. Bar No. 418982
Bradley K. Ervin
D.C. Bar No. 982559
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Phone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for American Petroleum Institute*

**CERTIFICATION OF COUNSEL**

I hereby certify that I have conferred in good faith with counsel for Technomedia regarding the foregoing issues, and that the parties have been unable to reach agreement.

*/s/ Eric C. Bosset*
Eric C. Bosset